IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHARLES DAUGHERTY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF POOLER,<br><br>    Defendant. | Civil Action No.  **4:22-cv-245**<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Charles Daugherty (hereinafter "Plaintiff" or "Mr. Daugherty"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAA"), 42 U.S.C. § 12101 *et seq.*

1

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed his Charge of Discrimination against Pooler Police Department on January 10, 2022. The EEOC issued its Notice of Right to Sue on August 2, 2022.

3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 et seq., 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

5.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Southern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

6.

Plaintiff is a male citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

7.

Plaintiff, at all times revenant hereto, was an individual with a disability as the term is defined under 42 U.S.C. § 12102(1).

8.

Plaintiff is a person with a disability inasmuch as he has an impairment causing substantial limitations in one or more major life activities, he has a record of disability, and because Defendant regarded him as having an impairment.

9.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

10.

Defendant City of Pooler is a Government Entity formed under the laws of the State of Georgia which works closely with all segments of the general public and government. Defendant may be served by delivering a copy of the summons and complaint upon the Mayor, Rebecca Benton, 100 SW Highway US 80, Pooler, GA 31322.

## FACTUAL ALLEGATIONS

11.

Mr. Daugherty began working for Defendant on or about September 12, 2018, as an Advanced Police Officer in the traffic homicide division.

12.

Beginning in February of 2021, Mr. Daugherty began experiencing severe stress, anxiety, panic attacks and uncontrollable shaking when responding to vehicle accidents.

13.

During one of Mr. Daugherty's episodes, he was working a vehicle crash and upon arrival on the scene, Mr. Daugherty immediately started shaking as he exited his patrol car.

14.

During that same accident, another vehicle crash occurred behind the Plaintiff and Mr. Daugherty started having breathing issues, but was able to complete the accident investigation.

15.

Due to the severe stress, anxiety, panic attacks and uncontrollable shaking, the Plaintiff began seeing a psychaitrist and therapist.

16.

After several sessions with the Plaintiff's psychatrist and therapist, the Plaintiff was diagnosed with Complex-PTSD, Panic Disorder, Genearlized Anixiety Disorder and was prescribed medication.

17.

Due to the Plaintiff's diagnosis, Defendant placed the Plaintiff on Short Term Disability sometime in May of 2021.

18.

When Plaintiff's Short-Term Diasability expired, he was approved for FMLA in June of 2021.

19.

Prior to the Plaintiff's FMLA expiring in August of 2021, the Human Resource Director, Caroline Hankins contacted the Plaintiff to inquire about his return date to work.

20.

Plantiff advised Ms. Hankins that he was prescribed new medication would like the opportunity to adequately adjust to the medication before returning to work.

21.

Defendant proceeded to terminate the Plaintiff's employment rather than providing the Plaintiff a reasonable acommodation on August 4, 2021.

22.

Defendant was aware of Mr. Daugherty's disability.

23.

On or about August 31, 2021, Ms. Hankins notified the Plaintiff via e-mail that his termination documents would be forthcoming in the mail as well as inform about outstanding deduction balances that were owed.

24.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

25.

Defendant failed to engage in any interactive process with Plaintiff regarding his request for a reasonable accommodation before terminating his employment and terminated Plaintiff's employment during a time in which Plaintiff was on leave.

26.

Plaintiff had been completing the essential duties of his position for the previous year and could have continued to do so with a reasonable accommodation.

27.

Others outside the Plaintiff's protected class were treated differently.

## CLAIMS FOR RELIEF

## COUNT I – TITLE VII ADA DISABILITY DISCRIMINATION
### (Failure to accommodate)

28.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

29.

Plaintiff had a disabling disease where he suffered from Complex-PTSD, Panic Disorder, Genearlized Anixiety Disorder and was prescribed medication.

30.

Defendant was aware of Plaintiff's disabling disease.

31.

Defendant received notice from Plaintiff's physician regarding his condition.

32.

Defendant terminated Plaintiff's employment, in whole or in part, because of his disability.

33.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

34.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his disability.

35.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## COUNT II – RETALIATION

36.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

37.

Plaintiff had a disabling disease where he suffered from Complex-PTSD, Panic Disorder, Genearlized Anixiety Disorder and was prescribed medication.

38.

Defendant was aware of Plaintiff's disabling disease.

39.

Defendant received notice of Plaintiff's condition and was aware of his disability.

40.

Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

41.

Plaintiff disclosed sensitive details relating to his condition and was terminated.

42.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his disability.

43.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

44.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

45.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

**WHEREFORE**, Plaintiff judgment as follows:

(a) A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the ADAA;

(b) General damages for mental and emotional suffering caused by Defendant's misconduct;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(e) Reasonable attorney's fees and expenses of litigation with any and all other costs associated with this action as provided by the ADAA;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law; and

(h)   All other relief to which he may be entitled.

Respectfully submitted the 21st day of October, 2022.

                                            **THE LEACH FIRM, P.A.**

                                            */s/Adeash Lakraj*
                                              Adeash A.J. Lakraj
                                              GA Bar No. 444848
                                              631 S. Orlando Ave, Suite 300
                                              Wells Fargo Building
                                              Winter Park, FL 32789
                                              Telephone: 770.728.8478
                                              Facsimile: 833.423.5864
                                              Email: alakraj@theleachfirm.com